IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| NATIONAL HOME INVESTORS, LLC, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 5:16-CV-00155 (LJA) |
| LOUISE WILLIAMS-BURNS, and SHARON WILLIAMS, | : |
| Defendants. | : |

## ORDER

Before the Court is the Motion to Remand filed by Plaintiff National Home Investors, LLC ("Plaintiff"). (Doc. 4). For reasons that follow, Plaintiffs' Motion, (Doc. 4), is **GRANTED**.

## BACKGROUND

On April 4, 2016, Plaintiff filed a Dispossessory Warrant in the Magistrate Court of Hancock County, Georgia. (Doc. 4-1). Thereby, Plaintiff sought to evict Defendants from a property previously sold to Plaintiff in a foreclosure sale. (*See* Doc. 4 at 2). On April 25, 2016, Defendants filed a Notice of Removal. (Docs. 1, 1-1). In their Notice of Removal, Defendants contend, "[c]ertain issues within [the] state proceeding give[] independent rise to federal subject-matter jurisdiction." (Doc. 1-1). Defendants also assert, "[t]here have been and continue[] to be, violations against the civil and constitutional rights of the undersigned Defendant[s] which have not been duly protected" in the state court proceeding. (*Id.*) On April 26, 2016, citing the Notice of Removal, the Magistrate Court of Hancock County dismissed the state court action with prejudice. (*See* Doc. 4-3).

1

## DISCUSSION

### I. Legal Standard

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" by filing a notice of removal in the federal district court. 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 1446(a). A federal court is vested with subject matter jurisdiction over an action removed from a state court where federal question jurisdiction or diversity jurisdiction exits. 28 U.S.C. §§ 1331, 1332. However, "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). If at any time during the pendency of an action a federal court determines that it lacks jurisdiction, the case must be remanded to the state court in which the case originated. 28 U.S.C. § 1447(c). In reviewing notices of removal, removal statutes are strictly construed "[b]ecause removal jurisdiction raises significant federalism concerns." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941). "While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of [her] own claim." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). A "[d]efendant's right to remove and [a] plaintiff's right to choose [her] forum are not on equal footing; . . ." *Id.* at 1095. Though "[r]emoval is a means of allowing out of state defendants to avoid being prejudiced by litigating in the plaintiff's forum[,] [i]t is not a tactical weapon by which counsel may avoid an inconvenient trial setting or otherwise gain some advantage from delay." *Weaver v. Miller Elec. Mfg. Co., Inc.*, 616 F. Supp. 683, 687 (S.D. Ala. 1985). Further, "[i]n evaluating a motion to remand [under 28 U.S.C. § 1447], the removing party bears the burden of demonstrating federal jurisdiction." *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 n. 4 (11th Cir. 1998) (internal citation omitted); *see also Best Buy Co.*, 269 F.3d at 1319.

### II. Federal Question Jurisdiction

Defendants appear to allege that the Court has federal question jurisdiction. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). Plaintiff, as "the master of the claim[,] . . . may avoid federal jurisdiction by exclusive reliance on state law. *Id.* "In determining the presence of a federal question, the Court looks to the substance, not the labels, of the plaintiff's claims as contained in the factual allegations in the complaint." *Citimortgage, Inc. v. Dhinoja*, No. 1:10-CV-816-TCB, 2010 WL 1485674, at *2 (N.D. Ga. Apr. 13, 2010) (citation omitted).

Plaintiff initiated a dispossessory action in state court pursuant to O.C.G.A. 44-7-50. (*See* Docs. 4, 4-1). No federal law or authority is invoked on the face of the warrant. (*See* Doc. 4-1). In removing this action, Plaintiff has not demonstrated that any issue in the "state proceeding gives independent rise to federal subject-matter jurisdiction." (Doc. 1-1). Rather, "the dispossessory claim that forms the basis of this action is exclusively a matter of state law." *Dhinoja*, 2010 WL 1485674, at *2. Further, while Defendants suggest that their civil and constitutional rights have been violated, "[t]here can be no federal question or removal based on an argument raised by the defense, whether that argument is a defense or a counterclaim." *Bank of New York v. Angley*. *See also Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1012 (11th Cir. 2003) (noting that a defense that raises a federal question is not sufficient to confer federal jurisdiction); *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (finding that a counterclaim that raises a federal question is not sufficient to confer federal jurisdiction). Accordingly, Defendants have failed to carry their burden of demonstrating federal question jurisdiction.

### III. Diversity Jurisdiction

In their Notice of Removal, Defendants do not indicate that removal was based on diversity jurisdiction. (*See* Doc. 1). In order to establish diversity jurisdiction, the moving party must demonstrate that the amount in controversy exceeds $75,000 and that the citizenship of all plaintiffs are diverse the citizenship of all defendants. 28 U.S.C. § 1332; *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Defendants' civil cover sheet, however, indicates that the Parties are all citizens of Georgia. (*See* Doc. 1-2). Accordingly, Defendants have failed to demonstrate that the Parties are fully diverse, as required by 28 U.S.C. § 1332.

### CONCLUSION

Based on the foregoing, Plaintiff National Home Investors, LLC's Motion to Remand, (Doc. 4), is **GRANTED**. Furthermore, **t**he **CLERK** is **DIRECTED** to close this case.

**SO ORDERED**, this __31st__ day of August, 2016.

　　　　　　　　　　　　　　　　 /s/ Leslie J. Abrams
　　　　　　　　　　　　　　　　**LESLIE J. ABRAMS, JUDGE**
　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT**